## PROVIDENCE COUNTY.

PETITION OF ARLON MOWRY *et al.* for an Opinion of the Court.

A testator bequeathed to his daughter J. $40,000 in the notes of the M. company, followed by the direction, "In case any part of said notes are paid at the time of my decease, then I direct that my executors shall pay to her such sum of money as, with said notes then remaining unpaid, at their face value, shall amount to said sum of $40,000." Then came a legacy of one note of the M. company for $2,500 to each of the three children of J., and the direction, "In case said notes shall have been paid at the time of my decease, I direct my executors to pay to said legatees the sum of $2,500 in the place and stead of said note or notes that have been paid."

The testator held eighteen notes of the M. company for $2,500 each, and one note for $3,481.55.

*Held*, that the gift of the notes was a specific legacy.

Interest on the notes was payable at 5 per cent. *per annum* until paid.

*Held*, that J. was entitled to the interest which had accrued since the testator's death on the notes given to her.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

The ninth and sixteenth clauses of the will of Spencer Mowry, proved before the Probate Court of the Town of Woonsocket, October 4, 1887, are as follows:

"Item 9. I give and bequeath to my daughter, Julia A. Smith, wife of Elisha D. Smith, of Menasha, in the State of Wisconsin, all the machinery I now own used by the Menasha Wooden Ware Company of said Menasha, a corporation established under the laws of said State of Wisconsin, and all dividends due me at the time of my decease, from said company, and also forty thousand dollars in the notes of said Menasha Wooden Ware Company, which I now hold. In case any part of said notes are paid at the time of my decease, then I direct that my executors shall pay to

her such sum of money as with said notes then remaining unpaid, at their face value, shall amount to said sum of forty thousand dollars.

"Item 16. I give and bequeath to each of the children of my daughter, Julia A. Smith, namely, Charles C. Smith, Henry S. Smith, and Jennie R. Smith, one note of said Menasha Wooden Ware Company for the sum of twenty five hundred dollars.

"In case said notes shall have been paid at the time of my decease, then I direct my executors to pay to said legatees the sum of twenty five hundred dollars in the place and stead of said note or notes that have been paid."

*April* 27, 1889. DURFEE, C. J. The case stated shows that Spencer Mowry died August 27, A. D. 1887, leaving a will executed August 2, A. D. 1887, by the ninth clause of which he bequeathed to his daughter, Julia A. Smith, wife of Elisha D. Smith, of Menasha, Wisconsin, all his machinery in use by the Menasha Wooden Ware Company, a corporation established at Menasha, and all dividends due to him from said company at his decease, "and also forty thousand dollars in the notes of the Menasha Wooden Ware Company which I now hold. In case any part of said notes are paid at the time of my decease, then I direct that my executors shall pay to her such sum as with said notes then remaining unpaid, at their face value, shall amount to said sum of forty thousand dollars." Spencer Mowry was, at the making of the will and at his decease, the owner of eighteen of said company's notes, of the face value of $25,000, and of one of the face value of $3,481.55. These notes, which all bore date of December 1, 1885, matured at different times from nine to sixty three months after date. They were payable to the order of said Elisha D. Smith, who was the president of the Menasha Wooden Ware Company, and were by him indorsed and guarantied. The company is insolvent. Spencer Mowry left property amply sufficient to pay his debts and legacies in full. By the sixteenth clause of his will, he left one of the $2,500 notes to each of the three children of Julia A. Smith. The first question which we are asked to answer is, whether the bequest to Julia A. Smith of $40,000 in said notes is a bequest of the notes specifically to that amount.

We think it is clear, from the closing sentence of the bequest,

that the testator meant to bequeath the notes themselves ; for he there directs his executors, in case *any part of said notes* are paid at his decease, to pay to the legatee such sum as *with the notes remaining unpaid*, at their face value, will amount to $40,000, plainly implying that the notes are to be used specifically, so far as they will go, and of course, if none of them have been paid, that they are to be used to the full amount of the legacy.  It seems as if said company notes were bequeathed specifically to Julia A. Smith and her three children (as also the machinery in the use of the company was probably bequeathed to her) with some view to the accommodation of Elisha D. Smith, president of the company and guarantor of the notes.  The only matter which militates against this construction is that, taking out three $2,500 notes for the children, the remaining sixteen, taken at their face value, amount to more than $40,000.  But this is because one of the remaining notes is for more than $2,500, and we find it easier, in view of the circumstances and language of the bequest to Julia A. Smith, to suppose that this fact had slipped from the testator's memory, than to suppose that he did not intend to have said notes go specifically to her.

The case shows that, at the time of the death of the testator, interest had accrued on the notes to the amount of $4,215.20, and that of this sum $250 had been paid on some of the notes before, and $187.50 was paid five days after his death.  The second question is, whether Julia A. Smith is entitled to the interest which had accrued on said notes at the death of the testator.  Our answer is that she is entitled to the interest then due and unpaid.  Interest on the notes was payable, not by instalments, but " at the rate of five per cent. per annum until paid."  Ordinarily interest goes with the principal as an inseparable incident.  The testator must have known, when he made his will, that these large arrears of interest existed, and it is presumed that, if he had not intended to have it go as incident to the notes, he would have said so.  The reason which appears to have influenced the bequeathing of the notes themselves applies also to the interest due thereon.  It is agreed that the words " face value," as used in the bequest, mean the amount named in said notes.                *Order accordingly.*

*Daniel R. Ballou, Frank H. Jackson & Edwin Aldrich,* for petitioners.